UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN CARY,

                Plaintiff,                     Case Number 22-10348

v.                                       Honorable David M. Lawson

ALI,

                Defendant.

_____/

## OPINION AND ORDER DENYING LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE AND DISMISSING COMPLAINT

This matter is before the Court on the plaintiff's *pro se* civil rights complaint filed under 42 U.S.C. § 1983. The plaintiff, an inmate confined at the Macomb Correctional Facility (MRF) in Lennox Township, Michigan, also has filed an application for leave to proceed without prepayment of costs. The plaintiff cannot proceed *in forma pauperis* because at least three of the plaintiff's prior civil rights complaints have been dismissed as frivolous, malicious, or for failing to state a claim upon which relief could be granted in violation of 28 U.S.C. § 1915(g). His case, therefore, will be dismissed without prejudice, but he may revive his lawsuit by payment of the appropriate filing fees.

Plaintiff Bryan Cary alleges in his complaint that in April 2020, the defendant "hit on [him]" and began to give him extra medication that did not belong to him. When he told the defendant that he was not interested and that she should stop giving him extra pills, the defendant allegedly informed other inmates that the plaintiff was a snitch, a homosexual, and a member of a gang. As a result, according to the plaintiff, he was "jumped," stabbed, and injured by other inmates. He now seeks money damages for the alleged violation of his rights under the Eighth Amendment to the United States Constitution.

Indigent litigants may apply to the Court to waive filing fees required to commence a lawsuit.  28 U.S.C. § 1915(a)(1).  Otherwise, the "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee . . . ."  *Ibid.*; *see also Owens v. Keeling*, 461 F.3d 763, 773 (6th Cir. 2006).

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104–134, 110 Stat. 1321 (April 26, 1996), prevents a prisoner from bringing a civil action *in forma pauperis* if a court previously dismissed three or more complaints as frivolous or malicious, or for failing to state a claim upon which relief may be granted, unless the prisoner alleges that he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g) (1996); *Thaddeus–X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller*, 966 F. Supp. 538, 540 (E.D. Mich. 1997).  A federal district court may raise the three strikes bar on its own, *Witzke*, 966 F. Supp. at 539, and may take judicial notice of a plaintiff's prior dismissals, *Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996); *Anderson v. Sundquist*, 1 F. Supp. 2d 828, 830 (W.D. Tenn. 1998).

The Court's records reveal that the plaintiff has filed at least three prior civil actions or appeals which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.  *Cary v. Unknown McCaul*, No. 18-00652 (W.D. Mich. Aug. 15, 2018); *Cary v. Losacco*, No. 18-11396 (E.D. Mich. July 11, 2018); and *Cary v. Eaton*, No. 11-13151 (E.D. Mich. Oct. 17, 2011).  Other cases were dismissed under section 1915(g) because of the plaintiff's three "strikes."  *See Cary v. Inspector Dalton*, No. 21-13047 (E.D. Mich. Jan. 12, 2022) (collecting cases).  The plaintiff, therefore, may not proceed without prepaying the filing fee unless he was in imminent danger when he filed his complaint.

-2-

As noted earlier, an exception to the "three strikes" rule applies when "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "A physical injury is 'serious' for purposes of § 1915(g) if it has potentially dangerous consequences such as death or severe bodily harm." *Gresham v. Meden*, 938 F.3d 847, 850 (6th Cir. 2019). "[T]o allege sufficiently imminent danger, . . . 'the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed.'" *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008)).

The plaintiff alleges that the defendant's remarks led to him being attacked and stabbed by other inmates, but the events giving rise to this claim allegedly occurred over two years ago. "[A] prisoner's assertion that he faced danger in the past is insufficient to invoke the [imminent-danger] exception." *Rittner*, 290 F. App'x at 797–98. The plaintiff's allegations that he is still being attacked are vague. He has not provided any dates or locations for the attacks, how the attacks occurred, the names of his attackers, or even the names of people who supposedly observed the attacks. "[V]ague allegations of possible victimization or fights do not meet the 'imminent danger' standard" of § 1915(g). *Aruanno v. Davis*, 679 F. App'x 213, 216 n.5 (3d Cir. 2017).

The plaintiff, therefore, has not alleged any facts in this case suggesting that he is in imminent danger of serious physical injury, and thus, he does not come within the exception to the mandate of 28 U.S.C.§ 1915(g), which prohibits him from proceeding *in forma pauperis* in light of the dismissals of his four prior frivolous lawsuits. *Mulazim v. Michigan Dept. of Corrections*, 28 F. App'x 470, 472 (6th Cir. 2002).

The plaintiff's civil rights complaint therefore is subject to dismissal under section 1915(g). However, the plaintiff may revive any of the claims dismissed under 28 U.S.C. § 1915(g) if he decides to pay the $350 filing fee and the $52 administrative fee. *See* 28 U.S.C. § 1914; *Witzke*, 966 F. Supp. at 540.

Accordingly, it is **ORDERED** that the complaint is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(g).

It is further **ORDERED** that the plaintiff's application to proceed without prepaying fees or costs (ECF No. 2) is **DENIED.**

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   May 9, 2022

-4-